IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

LEWIS RANSBURGH, SR., #07834                                    PLAINTIFF

VS.                                   CIVIL ACTION NO. 3:08cv617-HTW-LRA

BRAIN LADNER, et al.                                           DEFENDANTS

MEMORANDUM OPINION AND ORDER

Upon further consideration of the records in this action, the court finds that an order [13] was entered on February 17, 2009, denying the prisoner plaintiff's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g)[1] and requiring plaintiff to pay the full filing fee of $350.00 within 30 days. Plaintiff was warned that his failure to timely comply with the requirements of the order could lead to the dismissal of his lawsuit. Plaintiff failed to comply with the order [13].

On April 15, 2009, an order [14] was entered directing the plaintiff to show cause in writing on or before April 30, 2009, and explain why this case should not be dismissed for his failure to comply with the court's order of February 17, 2009. Plaintiff was also directed to pay the required filing fee on or before April 30, 2009.

---

[1] "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

When the plaintiff failed to respond, a second order to show cause [15] was entered on May 18, 2009. Having reviewed the record, this court finds that the plaintiff filed a response [16] on May 27, 2009, to the second order to show cause. However, he failed to pay the required filing fee of $350.00.

In his response [16], the plaintiff states that he is indigent and unable to pay the filing fee. Furthermore, he reiterates the allegations of his complaint that he was not provided lunch or dinner on December 5, 2007, or breakfast on December 6, 2007, by the transportation officers.

Having reviewed the complaint [1] and the plaintiff's response [16], the court finds plaintiff's allegations that he did not receive food for approximately 28 hours from December 5, 2007, until December 6, 2007, see attachment [5] filed October 15, 2008, are insufficient to meet the threshold requirement of imminent danger of serious physical injury and therefore, he does not meet the exception to 28 U.S.C. § 1915(g). See Edmond v. Texas Dep't of Corrections, et al., No. 97-10819, 97-11170, 97-11202 (5th Cir. Oct. 7, 1998)(unpublished)(allegations about the quality of medical care, including delay in medical care for fractured jaw, found insufficient to satisfy the § 1915(g) exception); Ford v. Foti, No. 01-1970, 2001 WL 845461, at *2 (E.D.La. July 25, 2001) (allegations of missed appointment for circumcision and prison doctor's failure to treat him progressively for Hepatitis C failed to allege physical danger

sufficient to overcome the § 1915(g) bar); Gallagher v. McGinnis, No. 00-1468, 2000 WL 739285, at *1 (E.D. La. June 5, 2000)(allegations of inadequate medical care for excruciating pain and ambulatory difficulties exacerbated by prisoner's work assignments and the prison officials' indifference to his medical needs failed to establish danger of serious physical injury); Carson v. TDCJ-ID, No. 2:98-CV-0397, 1998 WL 906989, at *1 (N.D.Tex. Dec. 17, 1998)(allegations of inadequate medical care for plaintiff's hearing loss and failure to assign him to work compatible with his medical needs and medication were insufficient to overcome the prohibition under § 1915(g)).

Moreover, this court finds that the plaintiff has failed to comply with this court's orders. Since the plaintiff has failed to pay the filing fee, thereby failing to comply with the orders of this court, this case will be dismissed. This court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action sua sponte. See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. Link, supra, 370 U.S. at 630.

Since the defendants have never been called upon to respond to the plaintiff's pleading, and have never appeared in this action, and since the court has never considered the merits of plaintiff's claims, the court's order of dismissal should provide that dismissal is without prejudice. Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this memorandum opinion and order will be entered.

This the 18th day of June, 2009.

s/ HENRY T. WINGATE
CHIEF UNITED STATES DISTRICT JUDGE