LEWIS RANSBURGH, SR., #07834                                                    PLAINTIFF

VERSUS                                             CIVIL ACTION NO. 3:08cv617-HTW-LRA

BRAIN LADNER, et al.                                                            DEFENDANTS

## ORDER

This matter is before the Court on the Plaintiff's motion [19] for reconsideration filed

July 1, 2009.  Although a "motion for reconsideration" is not explicitly recognized by the

FEDERAL RULES OF CIVIL PROCEDURE, a litigant's request for such relief is evaluated as a motion

"to alter or amend judgment" under Rule 59(e) or as motion for "relief from judgment" under

Rule 60(b).  See Rogers v. KBR Technical Services, Inc., 2008 WL 2337184, *5 (5th Cir. June 9,

2008)(citing Lavespere v. Niagara Mach. & Tool Works, 910 F.2d 167, 173 (5th Cir.1990),

abrogated on other grounds).  When a "motion is filed within ten days of the judgment or order of

which the party complains, it is considered a Rule 59(e) motion; otherwise, it is treated as a Rule

60(b) motion."  Shepherd v. Int'l Paper  Co., 372 F.3d 326, 327 n.1 (5th Cir. 2004).   Having

reviewed the motion [19] as well as the record, this Court finds that this motion [19] will be

construed as one filed pursuant to Rule 59(e) since it was filed with the 10 days of the judgment

being entered.

As discussed below, this Court finds that the instant motion filed pursuant to Rule 59(e)

of the FEDERAL RULES OF CIVIL PROCEDURE is not well taken and will be denied.

The United States Court of Appeals for the Fifth Circuit has stated that when deciding a

motion filed pursuant to Rule 59(e) of the FEDERAL RULES OF CIVIL PROCEDURE, a district court

should consider the following non-inclusive factors:  (1) the reasons for Plaintiffs' default;

(2) the importance of the evidence to Plaintiffs' case;  (3)  whether the evidence was available to

Plaintiffs before they responded to the underlying motion; and (4) the likelihood that Defendants will suffer unfair prejudice if the case is reopened. See Sturges v. Moore, 73 Fed.Appx. 777, 778, 2003 WL 22100834, at *1 (5th Cir. Sept. 11, 2003) (citing Ford v. Elsbury, 32 F.3d 931, 937-38 (5th Cir. 1994). Litigants considering a Rule 59(e) motion have been "strongly cautioned" to carefully consider the grounds for such a motion. Atkins v. Marathon LeTorneau Co., 130 F.R.D. 625, 626 n.1 (S.D. Miss. 1990). "Whatever may be the purpose of Rule 59(e), it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." Id.

The Plaintiff argues in his motion [19] the following reasons that he should be granted relief: (1) that his right to equal protection was violated because he is poor and could not afford to pay the filing fee as ordered where a non-pauper plaintiff could pay the filing fee and have his case proceed; (2) that he was not informed of the Court's sua sponte authority to dismiss this civil action; and (3) that the Court is required to consider the merits of the civil action as well as financial status of the plaintiff when determining whether the plaintiff qualifies for in forma pauperis status.

After consideration of the listed factors set forth in Sturges v. Moore, 73 Fed.Appx. 777, 778, 2003 WL 22100834, at *1 (5th Cir. Sept. 11, 2003)(citing Ford v. Elsbury, 32 F.3d 931, 937-38 (5th Cir. 1994), case law presented by the Plaintiff , Plaintiff's arguments and relevant case law, the Court finds that Plaintiff's motion for reconsideration [19] should be denied. The United States Court of Appeals for the Fifth Circuit in Carson v. Johnson, 112 F.3d 818, 821 (5th Cir. 1997) has held that the three-strikes provision of the PLRA "does not prevent a prisoner with three strikes from filing civil actions; it merely prohibits him from enjoying IFP status." Thus, the Plaintiff is not denied access to the courts and therefore, does not impinge on his due process

rights or his First Amendment rights.  See Id.  Furthermore, the Fifth Circuit has determined that

the three-strikes provision of the PLRA does not violate equal protection since it is rationally

related to a legitimate state interest of "deterring frivolous and malicious lawsuits."  Id. (citations

omitted).  Furthermore, this Court has entered three separate orders to show cause  [8, 14, & 15]

advising the Plaintiff that failure to comply with the orders of this court could led to the dismissal

of the instant civil action.  Therefore, the Plaintiff did receive notice that his failure to do as

directed by an order of this Court would eventually result in the dismissal of this civil action.

Finally, 28 U.S.C. § 1915 does not require this Court to consider the merits of an action when

determining pauper status.  In fact, the only exception to the three-strikes provision of 28 U.S.C.

§ 1915(g) is that the prisoner is "under imminent danger of serious physical injury" which this

Court found in its Memorandum Opinion and Order [17] entered on June 22, 2009, that the

Plaintiff did not meet.

Plaintiff has failed to offer any evidence or arguments that were not initially available to

him at the time his complaint was filed and the orders to show cause [8, 14, 15] were entered.

The Court has thoroughly reviewed the instant motion [19] as well as the Plaintiff's complaint

and has determined that the correct legal finding was issued in this cause.  Moreover, Plaintiff

has failed to meet the requisite legal standard for the Court to grant a motion pursuant to Rule

59(e) of the FEDERAL RULES OF CIVIL PROCEDURE.  Accordingly, it is,

ORDERED AND ADJUDGED that Plaintiff's motion [19] for relief pursuant to Rule

59(e) of the FEDERAL RULES OF CIVIL PROCEDURE is **denied**.

SO ORDERED AND ADJUDGED this the 25th day of January, 2010.

**s/ HENRY T. WINGATE**
**CHIEF UNITED STATES DISTRICT JUDGE**